IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSHUA THOMAS MENSING                                                                   PLAINTIFF

vs.                                        Civil No. 6:13-cv-06048

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joshua Thomas Mensing ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on March 9, 2011.  (Tr. 9, 106-119). In these applications, Plaintiff alleges being disabled due to Type 1 diabetes, irritable bowel syndrome, and possible bipolar disorder.  (Tr. 173).  Plaintiff alleges an onset date of September 1, 2010. (Tr. 106, 113).  These applications were denied initially and again upon reconsideration.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

40-43). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 63, 23-39).

On May 8, 2012, this hearing was held in Little Rock, Arkansas. (Tr. 23-39). Plaintiff was present at this hearing and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* At this hearing, Plaintiff testified he was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 26-27). Plaintiff also testified he was attending college on a full-time basis. *Id.*

After the hearing, on June 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 6-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2010, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy and irritable bowel syndrome ("IBS"). (Tr. 11-12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) further limited as follows: the claimant can occasionally perform all postural activities and can occasionally use bilateral foot controls.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 17). Considering his RFC and his PRW, the ALJ found Plaintiff retained the capacity to perform his PRW as a fast food worker, cashier or checker, customer service representative, and tutor. *Id.* Because he found Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 1, 2010 through the date of his decision or through June 26, 2012. (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). On April 15, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On May 9, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 10, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.**    **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred in finding his impairments did not meet the requirements of Listings 5.06 (irritable bowel syndrome), 9.08(a) (diabetic neuropathy), and 1.02 (ambulation); and (B) the ALJ erred in discrediting his subjective complaints of disabling pain. ECF No. 10. The Court will address both of the arguments Plaintiff has raised.

    A. **Listings 5.06, 9.08, and 1.02**

Plaintiff claims the ALJ improperly determined his impairments did not meet the requirements of Listing 5.06 (irritable bowel syndrome), Listing 9.08(a) (diabetic neuropathy), and Listing 1.02 (ambulation). ECF No. 10. The Court will evaluate each of these.

First, to meet the requirements of Listing 5.06 (irritable bowel syndrome), Plaintiff's impairments must be "documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings." Here, Plaintiff claims he suffers from irritable bowel syndrome. ECF No. 10 at 9-11. He has, however, made no demonstration his alleged irritable bowel problems have been "documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings." Plaintiff has the burden of demonstrating his impairment are of listing-level severity. *See*

5

*Sullivan v. Zebley,* 493 U.S. 521, 530-31 (1990). Because Plaintiff has not provided the documentation required by Listing 5.06, he has not met that burden, and the Court finds no basis for reversal on this issue.

Second, contrary to Plaintiff's argument, Listing 9.08(a) (diabetic neuropathy) is not a recognized listed impairment. Thus, Plaintiff's diabetes cannot meet the requirements of Listing 9.08(a). Third and finally, Plaintiff claims his impairments meet the requirements of Listing 1.02 (ambulation). Listing 1.02 requires a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." Again, in his briefing, Plaintiff has not demonstrated he has a "gross anatomical deformity" of any kind. ECF No. 10. Accordingly, Plaintiff has not met his burden of demonstrating his impairments are of listing-level severity. *See Sullivan,* 493 U.S. at 530-31.

### B. Plaintiff's Subjective Complaints

Plaintiff claims the ALJ did not properly consider his subjective complaints. ECF No. 10 at 17-19. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*.  Specifically, the ALJ found the following were inconsistent with Plaintiff's subjective complaints: (1) his daily activities, including his ability to attend school full-time; (2) his "seeking work and working at a job while applying for benefits"; (3) his medical records, including the fact no "treating or reviewing

7

medical source has opined that the claimant is physically or mentally more limited than the above residual functional capacity"; and (4) his ability to keep his hobbies going, including "doing minor mechanical work on his own or a friends' vehicle." (Tr. 12-17). Because the ALJ's credibility determination was supported by these "good reasons," it should be affirmed.[3]  *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (stating that if the ALJ explicitly discredits a claimant and gives "good reasons" for doing so, the appellate court will normally defer to the ALJ's determination).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of May 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] In his briefing, Plaintiff claims the ALJ improperly criticized him for his "failure to seek treatment and/or obtain medication." ECF No. 10 at 18-19.  Plaintiff claims his failure to seek treatment should be excused because he could not afford that treatment.  Upon review of the ALJ's opinion in this case, the ALJ did not criticize Plaintiff for his failure to seek treatment. (Tr. 12-17).  However, even if this were true and the ALJ had criticized Plaintiff, Plaintiff still has not demonstrated his failure was excused.  ECF No. 10 at 18-19.  *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (absent evidence claimant was denied low-cost or free medical care, claimant's argument he could not afford medical care was appropriately discounted).  Accordingly, the Court also finds no basis for reversal on this issue.